UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAQUELINE WINSTON individual and on behalf of all
others similarly situated,

                                      Plaintiffs,

          vs.                               **ANSWER**
                                                  **Civil Action No. 5:16-cv-0235**
                                                  **(TJM/ATB)**

CITY OF SYRACUSE, and
DEBORA SOMERS in her official capacity as the
Commissioner of Water,

                                      Defendants.
_____

      Defendants, CITY OF SYRACUSE and DEBORA SOMERS in her official capacity as the Commissioner of Water ("Defendants"), by and through their attorney, JOHN A. SICKINGER, ESQ., Assistant Corporation Counsel, answers the Plaintiffs' Complaint as follows:

      As and for the numbered paragraphs of the Complaint contained on pages one (1) through ten (10) of the Complaint, the Defendants answer as follows:

## PRELIMINARY STATEMENT

      1.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint herein;

      2.     Defendants **DENY** the allegations contained in paragraph "2" of the Complaint as they pertain to the statement that "[t]he City has a policy and practice of terminating water service to blameless tenants based upon their landlord's failure to pay the water bill. This arbitrary and irrational policy holds tenants hostage for debts of their landlord, and forces them

to abruptly uproot their families or be left in a home without water to drink, cook with or bath with," but **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the remaining allegations therein;

## JURISDICTION AND VENUE

3.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint herein;

4.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint herein;

## PARTIES

5.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint herein;

6.     Defendants **ADMIT** the allegations contained in paragraph "6" of the Complaint herein;

7.     Defendants **ADMIT** the allegations contained in paragraph "7" of the Complaint as they pertain to the statements that "Defendant Deborah Somers is the Commissioner of the City of Syracuse Water Department," but **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the remaining allegations therein;

## CLASS ALLEGATIONS

8.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint herein;

9.     Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint herein;

10.    Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a

belief as to the allegations contained in paragraph "10" (including subparagraphs "a," "b," and "c") of the Complaint herein;

11. Defendants **DENY** the allegations contained in paragraph "11" of the Complaint herein;

12. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint herein;

13. Defendants **DENY** the allegations contained in paragraph "13" of the Complaint herein;

14. Defendants **DENY** the allegations contained in paragraph "14" of the Complaint herein;

## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF CLASS

15. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint herein;

16. Defendants **DENY IN THE FORM STATED** the allegations contained in paragraph "16" of the Complaint herein;

17. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint herein;

18. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint herein;

19. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint herein;

20. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint herein;

21. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "21" of the Complaint herein;

22. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint herein;

23. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint herein;

24. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "24" of the Complaint herein;

## FACTUALL ALLEGATIONS OF THE INDIVIDUAL PLAINTIFF JAQUELINE WINSTON

25. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint herein;

26. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint herein;

27. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint herein;

28. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint herein;

29. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint herein;

30. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint herein;

31. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a

belief as to the allegations contained in paragraph "31" of the Complaint herein;

32.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint herein;

33.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint herein;

34.	Defendants **DENY** the allegations contained in paragraph "34" of the Complaint herein;

35.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint herein;

36.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint herein;

37.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint herein;

38.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint herein;

39.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint herein;

40.	Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint herein;

## COUNT I

**VIOLATION OF THE EQUAL PROTECTIONG CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**

41. Defendants **REPEAT AND REALLEGE** the denials set forth above in response to paragraph "41" of the Complaint herein;

42. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "42" of the Complaint herein;

43. Defendants **DENY** the allegations contained in paragraph "43" of the Complaint herein;

44. Defendants **DENY** the allegations contained in paragraph "44" of the Complaint herein;

45. Defendants **DENY** the allegations contained in paragraph "45" of the Complaint herein;

46. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint herein;

47. Defendants **DENY** the allegations contained in paragraph "47" of the Complaint herein;

48. Defendants **DENY** the allegations contained in paragraph "48" of the Complaint herein;

49. Defendants **DENY** the allegations contained in paragraph "49" of the Complaint herein;

50. Defendants **DENY** the allegations contained in paragraph "50" of the Complaint herein;

## COUNT II

### VIOLATION OF THE SUBSTANTIVE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

51.  Defendants **REPEAT AND REALLEGE** the denials set forth above in response to paragraph "51" of the Complaint herein;

52.  Defendants **DENY** the allegations contained in paragraph "52" of the Complaint herein;

53.  Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "53" of the Complaint herein;

54.  Defendants **DENY** the allegations contained in paragraph "54" of the Complaint herein;

55.  Defendants **DENY** the allegations contained in paragraph "55" of the Complaint herein;

### PRAYER FOR RELIEF

56.  Defendants **DENY** the allegations contained in paragraphs "1" through "5" under the subsection "PRAYER FOR RELIEF," contained on pages nine (9) through ten (10) of the Complaint herein;

### GENERAL DENIAL

57.  Defendants **DENY** all other allegations not specifically addressed or stated herein.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

58.  Defendants are immune from suit based on qualified or governmental immunity and/or discretion;

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59.     Any and all acts of the agents, employees, or servants of Defendants are protected by qualified and/or absolute immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60.     Any and all acts of Defendants were justified and in accordance with the law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62.     Upon information and belief, Plaintiff, and some or all of the purported class, have failed to name or join necessary or indispensable parties without whom relief may not be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63.     Plaintiff, and some or all of the purported class, were guilty of culpable conduct which caused or contributed to all or part of the damages alleged, and accordingly, the amount of damages recoverable, if any, must be diminished proportionately in accordance with Article 14-A of the Civil Practice Laws and Rules (CPLR) of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64.     Plaintiff, and some or all of the purported class, assumed the risk that caused or contributed to Plaintiff's, and some or all of the purported class, injuries and/or damages, and thus Plaintiff, and some or all of the purported class, claims for recovery are barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65.     If Plaintiff, and some or all of the purported class, sustained any damages as alleged in the complaint through any acts or omissions other than those of Plaintiff, and some or

all of the purported class, such damages were caused solely by the negligence and/or culpable conduct of a third person or persons over whom the Defendants had no control and without negligence on the part of the Defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66. Upon information and belief, Plaintiff, and some or all of the purported class, failed to take all reasonable and necessary steps to mitigate any damages allegedly suffered.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67. Upon information and belief, some or all of the damages alleged in the complaint are barred and/or subject to the qualifications and limitations of the provisions of section 4545 of the CPLR.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68. Plaintiff, and some or all of the purported class, claims are barred by the doctrine of laches.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69. Plaintiff Winston, and some or all of the purported class's, causes of action are barred by their failure to comply with sections 50-e and 50-i of the General Municipal Law and section 8-115 of the Syracuse City Charter.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

70. Plaintiff's, and some or all of the purported class, claims are barred to the extent that Plaintiff Winston, and some or all of the purported class, injuries and/or damages were caused or contributed to, in whole or in part, by intervening and superseding causative factors.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

71.     Plaintiff, and some or all of the purported class, lack standing to assert some or all of the claims and/or relief requested.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

72.     Some or all of plaintiff's, and some or all of the purported class, claims are barred by the applicable statute of limitations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

73.     Plaintiff's, and some or all of the purported class, own negligent conduct was the actual and proximate cause of Plaintiff's, and some or all of the purported class, alleged injuries and/or damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's, and some or all of the purported class, injuries and/or damages, if any, were neither caused by, nor causally related to any act or omission of Defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

75.     The liability, if any, of the Defendants is limited according to Article 16 of the CPLR.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiff's, and some or all of the purported class, claims may not be maintained due to Plaintiff's, and some or all of the purported class, failure to obtain personal jurisdiction over one or more of the answering Defendants.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

77.     Plaintiff, and some or all of the purported class, failed to exhaust their administrative remedies before commencing this action.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

78. Plaintiff's, and some or all of the purported class, action is barred by res judicata and/or collateral estoppel.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

79. Upon information and belief, Plaintiff, and some or all of the purported class, may have, or might in the future, reach agreements and/or settlement with any nonparty tortfeasors and in the event of such circumstances, will be obligated to immediately disclose the same to these Answering Defendants at which time the Answering Defendants will have the right to set-off any and all other available relief pursuant to General Obligations Law §15-108.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

80. Some or all of plaintiff's, and some or all of the purported class, claims are barred by the applicable statute of repose.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

81. Complaints by the Plaintiff, and some or all of the purported class, concerning breach of contract and any allegations flowing therefrom prohibit any recovery under the Statute of Frauds.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

82. Plaintiff, and some or all of the purported class, lack privity of contract to assert some or all of the claims and/or relief requested.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

83. Plaintiff's, and some or all of the purported class, claims fail due to settlement, transaction, compromise, accord and satisfaction, offer, discharge of obligation, release, payment, and/or satisfactory repair.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

84.     Plaintiff's, and some or all of the purported class, claims may be barred by a lack of reliance.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

85.     Plaintiff's, and some or all of the purported class, may have relocated and are no longer under circumstances where they were/are without water on account of their landlords' actions, and therefore not entitled to relief sought.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

86.     Plaintiff and the putative class members were treated fairly and in good faith, and that all actions taken with regard to them were taken for lawful reasons and in good faith.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

87.     This suit may not be properly maintained as a class action, pursuant to FRCP Rule 23, and all other relevant statutes, because: (a) the class is not so numerous that joinder of all members is impracticable; (b) there are no questions of law or fact common to the class; (c) the claims or defenses of the representative parties are not typical of the claims or defenses of the class; (d) the representatives parties will not fairly and adequately protect the interests of the class; (e) prosecuting separate actions by or against individual class members would not create a risk of inconsistent or varying adjudications with respect to individual class members nor would it create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (f) final injunctive relief or corresponding declaratory relief is not appropriate respecting the class as a whole; (g) common issues of fact or law do not predominate over any questions affecting only

individual members; to the contrary, individual issues predominate; (h) a class action is not superior to other available methods for fairly and efficiently adjudicating of the claims described in the Complaint; (i) the named plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (j) Plaintiff's claims are not representative or typical of the claims of the putative class; (k) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for class treatment; (l) Plaintiff is not a proper class representative; (m) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (n) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; and (o) the alleged putative class is not ascertainable, nor are its members identifiable.

**WHEREFORE**, Defendants oppose class certification and disputes the propriety of class treatment.  If the Court certifies a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified class, and

**WHEREFORE**, Defendants demand judgment dismissing the Complaint with costs, disbursements, and such other and further relief as the Court may deem just and proper.

Date:   March 21, 2016
        Syracuse, New York

JOHN A. SICKINGER, ESQ.
Assistant Corporation Counsel
City of Syracuse
Bar Roll No.: 513595
233 E. Washington St.
300 City Hall
Syracuse, New York 13202
Tel: (315) 448-8400
Fax: (315) 448-8381
jsickinger@syrgov.net

TO:   Joshua T. Cotter, Esq.
      Legal Services of Central New York, Inc.
      *Attorneys for Plaintiff*
      221 S. Warren St., Suite 300
      Syracuse, New York 13202
      Tel: (315) 703-6579
      Fax: (315) 475-2706
      jcotter@lscny.org